# JAIME MENDEZ

*v.*

# NORTH BRITISH & MERCANTILE INSURANCE COMPANY.

Ponce, Law, No. 255.

Under rule 28 of this court, the venue in any civil cause pending may, on application, and after a proper showing, be transferred to the division of the court that is most convenient for all of the parties.

Opinion filed October 9, 1909.

*Mr. José A. Poventud,* attorney for the plaintiff.

*Mr. Martin Travieso, Jr.,* attorney for the defendant.

V. Porto Rico—38.

Mendez v. North British & M. Ins. Co.

RODEY, Judge, delivered the following opinion:

The issue before us is raised by the motion of counsel for the defendant that the cause be transferred from the Ponce division of this court to the San Juan division for trial. Counsel for plaintiff opposes this. Both sides have submitted the matter on written arguments.

The action is on a fire insurance policy, and the damage claimed is the sum of $6,000, with interest and costs. The suit was originally filed in the insular district court of Ponce, but was removed to this court at the instance of the defendant,— the proper grounds of removal existing in law. The district court of Ponce naturally ordered the transcript sent to the nearest division of this court.

The facts, as set out in the motion and gathered from the pleadings, all of which are presumably admitted, is that it will be more convenient for all the parties to have the case tried at San Juan, for the reason that the property which was insured was located in the city of Caguas, which is only some 20 miles south of San Juan, while the city of Ponce is some 50 or more miles southwest of Caguas and over a mountain range.

It appears from the record that the insurance policy was originally issued by the defendant to Henry Escande & Company of Caguas, who assigned it to plaintiff, Jaime Mendez, of Ponce. The defense set up in the answer is that the fire was a fraudulent one, and that the insured intentionally burnt out the insured premises.

We are cited to § 81 of the Code of Civil Procedure of 1904, as reason why this transfer should not be made. That section really does not govern this court, as there is for this court but

Mendez v. North British & M. Ins. Co.

one district in Porto Rico, with three divisions; but ordinarily we should follow the local law and the convenience of the parties in the trial of transitory actions.

The section referred to states that such actions must be tried in the district in which the defendants or some of them reside at the commencement of the action, and that if none of the defendants reside in Porto Rico, the case may be tried in any district selected by the plaintiff. The motion sets forth that Fritze Lundt & Company, who have their headquarters in San Juan, are the agents for the insurance company, and the natural inference is that the actual person or persons who do business for the defendant live at San Juan, and that all the books, papers, and records of the defendant are situated there.

Counsel for plaintiff has filed an intelligent and ingenious argument, setting forth many reasons why the cause should not be transferred. In point of distance, Caguas is much nearer to San Juan than it is to Ponce, and the facilities for transportation are better. Presumably the plaintiff will have little proofs to put in save in rebuttal, because, after he introduces his insurance policy, and proves its execution and the destruction of the property, and the proofs of loss, he will have made his case; and if, on rebuttal, he has to controvert proofs that he wilfully burnt the insured premises, it will be easier for him to bring these witnesses 20 miles, from Caguas to San Juan, than 50 miles, from Caguas to Ponce, over a mountain range.

Rule 28 of this court sets forth that the cause shall be transferred when it shall appear, on a hearing, to be for convenience of the parties and their witnesses.

We think that it is manifestly proper to make the transfer in this case, and therefore it will be so ordered.